TAMEKA D. PORTER,

        Plaintiff,

  v.

MEGAN E. HANKS, and GEICO,

        Defendants.

Case No. 19-cv-486-pp

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ORDERING SERVICE**

      The plaintiff, representing herself, filed a complaint against defendants Megan E. Hanks and Geico following a car accident. Dkt. No. 1. On page 4 of the complaint, the plaintiff marked the box that said she was suing for a violation of federal law under 28 U.S.C. §1331. Id. at 5. In the body of the complaint, however, the plaintiff did not identify any federal law that the defendants had violated; she alleged that the defendants were reckless, careless and negligent—all state-law causes of action. Id. at 2. The only way this federal court could have jurisdiction over those causes of action was if the defendants were citizens of states other than Wisconsin and the plaintiff was seeking damages in excess of $75,000. See 28 U.S.C. §1332.

      So the court issued an order to show cause requiring the plaintiff to file a document listing the addresses for Hanks and Geico and notifying the court of the amount of damages that she seeks for her injuries. Dkt. No. 4. The plaintiff

1

responded, indicating that Hanks lives in Huntley, Illinois, that Geico is located in Macon, Georgia and that she seeks $75,000 in damages. Dkt. No. 7. Based on this information, the court will assume that it has diversity jurisdiction.

Along with her complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants that motion and screens the plaintiff's complaint.

## I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that she earns $3,150 each month and has no dependents and that her monthly expenses total $3,355. Dkt. No. 2 at 1-3. She owns a home valued at $65,000, has $1,000 in savings and she has a 401K (but does not list the approximate value). Id. at 3-4. Because her expenses exceed her income, the court concludes that the plaintiff does not have the ability to pay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C.

2

Case 2:19-cv-00486-PP   Filed 02/01/21   Page 2 of 8   Document 8

§ 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees.").

**II. Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff alleges that on April 7, 2016, she was driving her car on I-94 when defendant Hanks struck her vehicle from behind. Dkt. No. 1 at 2. She alleges that Hanks was reckless, careless, and negligent, operated at a dangerous speed, failed to maintain a safe distance and failed to exercise due care. Id. The plaintiff says she suffered serious injuries to her head, neck, arms, shoulders, back, left leg and left knee. Id. She alleges that she has suffered physical pain, mental anguish and emotional distress, along with lost

3

wages. Id. The plaintiff has incurred medical bills and will continue to incur bills for treatment and therapy. Id.

There are limits on the kinds of cases that a federal court may consider. It can consider and decide cases that involve violations of *federal* laws or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332. Federal courts cannot consider and decide lawsuits that are based only on state law, unless the plaintiff and the defendants live in different states, or unless the state-law claims relate to a federal claim.

As noted above, the complaint indicated that the plaintiff was suing under federal law, but the allegations involve a personal injury claim against Hanks (and against Geico, which the court assumes is Hanks' insurance company). The complaint does not allege violations of the Constitution, laws or treaties of the United States.

The plaintiff has alleged, however, that the parties' citizenship is diverse. The plaintiff resides in Wisconsin and Hanks in Illinois. The plaintiff alleges that Geico is a citizen of Georgia, but it appears that Geico is a wholly owned subsidiary of Berkshire Hathaway, a Delaware corporation, with its headquarters in Maryland and a mailing address in Washington D.C. https://www.geico.com/about/corporate/at-a-glance; see also State of Wisconsin/Commissioner of Insurance Market Conduct Examination Report electronically available at oci.wi.gov>MRExamReportGEICOGen2012. At this

4

early stage, the court concludes, by a preponderance of the evidence, that the parties are citizens of different states.

Next, the plaintiff must meet the amount in controversy requirement. The plaintiff has stated that she seeks $75,000 in damages, but 28 U.S.C. §1332 requires that the damages *exceed* $75,000. The plaintiff may have misunderstood the pleading requirements as described in the court's order to show cause. She did not itemize the damages, so the court does not know whether she is claiming that her damages are exactly $75,000; it has no reason to believe, based on the plaintiff's description of her injuries, that the damages she seeks will be less than $75,000. "Generally, the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required the rule." NLFC, Inc. v. Devcom Mid-Am., Inc., 45 F.3d 231, 237 (7th Cir. 1995) (citations omitted). Here, the plaintiff has alleged extensive injuries, as well as ongoing hospitalizations and therapy and lost wages. She states:

> As a result of the Defendant's recklessness, carelessness and negligence, the Plaintiff was thrown against the inside of the automobile thereby causing serious injury, including but not limited to, her head, neck, arms, shoulders, back, left leg and left knee. She also suffered permanent bodily injuries, great physical pain and mental anguish, substantial emotional distress, loss of the capacity for the enjoyment of life, loss of wages/earnings and the ability to earn wages to which she may have been entitled. She was, is and will be precluded from engaging in normal activities and pursuits, has expended and will in the future expend great sums of money for hospitalization, medical consultation and treatment, physical therapy, occupational therapy and medicine for the treatment to the aforementioned injuries suffered and will in the future continue to suffer as well mental anguish.

5

Dkt. No. 1 at 2.

Liberally construing these allegations, the plaintiff has pled diversity jurisdiction and the court cannot say that it is "legally certain" that the recovery will be less than the jurisdictional minimum. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). The defendants may challenge the amount in controversy, personal jurisdiction and/or venue in a responsive pleading.

Finally, the plaintiff has stated sufficient facts to allow her to proceed with her claims of negligence and recklessness (tort claims under Wisconsin law). She alleges that Hanks was driving at a dangerous speed, without properly controlling her vehicle; and that she did not maintain a safe distance or pay full attention to what she was doing. At the screening stage, viewing the allegations in the light most favorable to the plaintiff, the court concludes that the plaintiff has stated enough facts to allow her to proceed to the next stage of the litigation.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on the defendants under Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. marshals Service to charge for making or attempting service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is

6

provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court of the U.S. Marshals Service.

The court **ORDERS** that the defendants must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff shall submit all correspondence and pleadings to

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendant's lawyer. The parties may not begin discovery (asking each other for documents) until after the defendant has answered or otherwise responded and the court has issued a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff should keep a copy of every document she files with the court. If the plaintiff's address changes, she must notify the court immediately; if she doesn't, she may not receive important notices and documents relating to her case. If the plaintiff does not file documents by the

7

deadlines the court sets, the court could dismiss her case for failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 1st day of February, 2021.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge